**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BURNS on behalf of | ) | |
| himself and all other plaintiffs similarly | ) | |
| situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Case No. |
| v. | ) | |
| KEVIN SZABO JR PLUMBING INC. | ) | |
| And KEVIN SZABO JR. | ) | |
| Defendants. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Kevin Burns ("Kevin" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against Defendant Kevin Szabo Jr Plumbing Inc. and Kevin Szabo Jr ("Defendants") states as follows:

**Nature of the Action**

1.      Defendants do not compensate Plaintiff and other similarly situated employees for hours worked over forty in a workweek at the rate of one and one-half times their regular rate of pay.

2.      Instead, Defendants compensate Plaintiff and other similarly situated employees for all hours worked over forty in a workweek by paying cash only at straight time. i.e. their normal hourly rate of pay with no overtime premium.

3.      Under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") employees must be compensated at a rate of not less than one and one-half times their regular rate of pay for each overtime hour worked.

4. Defendants violate the law by operating a scheme whereby employees are paid 40 hours at straight time on paychecks and then paying employees at straight time in unreported cash for every overtime hour worked.

5. Defendants scheme deprives Plaintiff and similarly situated employees of proper overtime compensation and fraudulently reports Plaintiff's income.

## Parties

6. Plaintiff was an hourly employee for Defendant as a plumber for the past two years.

7. Defendant Kevin Szabo Jr Plumbing Inc. is an Illinois Corporation and a plumbing company located in Tinley Park, Illinois that services various Chicagoland south suburbs. Kevin Szabo Jr. Plumbing Inc. does business as various assumed names including RC Szabo Plumbing & Service; Szabo Plumbing and Sewer; Kevin Szabo Jr. Plumbing of Midlothian; Kevin Szabo Jr. Plumbing of Homer Glen; Kevin Szabo Jr. Plumbing of Orland Park; Kevin Szabo Jr. Plumbing of Frankfort; Kevin Szabo Jr. Plumbing of Oak Forest; Kevin Szabo Jr. Plumbing of Oak Lawn; Kevin Szabo Jr. Plumbing of Homewood; and Kevin Szabo Jr. Plumbing and Sewer.

8. Defendant Kevin Szabo Jr. is the owner and President of Kevin Szabo Jr Plumbing Inc. and oversaw and implemented the unlawful pay practices described herein

9. Defendants were the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

10. Defendants were the Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/1; 820 ILCS 105/3(c).

11. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

12. Plaintiff was Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

2

13. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

**Jurisdiction and Venue**

14. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Judicial District as all the events arising out of this case arose in this Judicial District.

**Factual Allegations**

16. Plaintiff worked for Defendant within the past three years.

17. The FLSA requires employers to pay overtime compensation of one and one-half times the regular rate of pay to non-exempt hourly employees for hours worked beyond forty in a work week.

18. Plaintiff and other employees regularly worked more than forty hours in work weeks.

19. However, Defendants did not pay Plaintiff and other similarly situated employees one and one-half times their regular rate of pay for hours worked beyond forty in a work week, instead they were paid in cash only at their normal rate of pay, i.,e. straight time, for these hours.

20. Thus, Defendant avoided paying additional overtime wages for overtime worked by impermissibly underpaying employees when they worked more than forty hours in a work week.

21.     Defendants' scheme of paying 40 hours on paystubs and paying straight time in cash for hours worked beyond 40 is an attempt to conceal the earnings and actual hours worked by employees to avoid Defendants' overtime wage obligations.

22.     By way of example: Kevin was not properly paid overtime wages during the pay period of June 27, 2021 through July 3, 2021 and July 4, 2021 through July 10, 2021.

23.     Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA or the IMWL.

24.     Defendants' scheme deprives employees from receiving all earned overtime wages owed to them.

25.     At or near the beginning of Plaintiff's employment Plaintiff asked Kevin Szabo Jr. why he was not being paid at a rate of time and one-half for overtime hours worked and Kevin Szabo Jr. replied that "employees make more money being paid straight time cash" or similar words to that effect.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

27.     Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they did not receive all overtime compensation owed to them for working over forty hours in a work week at the required overtime rate of one and one-half hours for each overtime hour worked and had such rights undermined and neglected by Defendants' unlawful practices and policies.

28.     Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

29.    Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half times their regular rate of pay for work in excess of 40 hours in a work week.

30.    There are estimated to be dozens of other current and former employees within the asserted collective and class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

31.    The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

32.    Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

## COUNT I - FAIR LABOR STANDARDS ACT
### (Plaintiff Individually and on Behalf of All
### Similarly Situated Employees Pursuant to 29 U.S.C. §216 against Defendant)

33.    The Plaintiff re-alleges and incorporate by reference paragraphs 1 through 32 of this Complaint as is fully set forth herein.

34.     Under the FLSA, Plaintiff and the Collective were entitled to receive one and one-half times their regular rate of pay time for each overtime hour worked.

35.     The proper overtime rate for overtime is one and one-half times the regular rate of pay for every overtime hour worked.

36.     Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

37.     Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

38.     Due to Defendants' violations of the FLSA, the FLSA Collective is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A.     A declaratory judgement that Defendants violated the wage provisions of the FLSA as to the Plaintiff and similarly situated employees;

B.     A declaratory judgment that Defendants' violations of the FLSA was willful;

B.     Unpaid compensation;

B.     An additional amount equal as liquidated damages;

C.     Prejudgment interest;

D.     Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiff Individually and on Behalf of All

**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23 against Defendant)**

39.     Plaintiff hereby alleges and incorporates Paragraph 1 through 38 of this Complaint, as is fully set forth herein.

40.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

41.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week at a rate of one and one-half times the regular rate of pay for each overtime hour worked.

42.     Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required overtime rates.

43.     By failing to pay overtime compensation due to Plaintiff and others similarly situated, Defendants willfully, knowingly and/or recklessly violated the IMWL.

44.     As a result of Defendants' policy and practices, Plaintiff and similarly situated employees have been damaged in that they have not received overtime wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

A.     A Declaratory Judgement that Defendants violated the wage provisions of the IMWL as to the Plaintiffs and similarly situated employees;

B.     A declaratory judgement that Defendants' violations of the IMWL were willful;

C.     Unpaid compensation;

D.     A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E.  A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F.  Such other and further relief as this Court deems appropriate and just.

**Count III – Civil Damages for Fraudulent Filing of Information Return**
**26 U.S.C.A. § 7434**

45.  Plaintiff hereby alleges and incorporates Paragraph 1 through 44 of this Complaint, as is fully set forth herein.

46.  This count arises from the Defendants' violation of 26 U.S.C.A. § 7434.

47.  The Defendants provided Plaintiffs with a paystub. However, Defendants would not include all compensation on the Plaintiff's payroll check. For example, straight time cash overtime was not included on payroll checks.

48.  These payments had the effect of resulting in reduced governmental benefits to Plaintiff such as reducing his social security benefits, unemployment (Illinois Department of Employment Security), workers compensation benefits, and others.

49.  Defendants filed tax returns with the Internal Revenue Service and other documents that underreported the wages paid to Plaintiff by excluding the correct compensation.

50.  When Defendants reported Plaintiff's earnings to the Internal Revenue Service on Internal Revenue Service forms W2 and W3s it failed to include the correct wages.

51.  Defendants willfully lied to the government in filing the false documents identified herein. It benefited by doing so. For example, Defendants paid less in Social Security contributions, paid less for workers compensation insurance, paid less in Department of Employment Security payments, and saved money elsewhere due to the underreported compensation.

52.      26 U.S.C.A. § 7434 provides that: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

53.      26 U.S.C.A. § 7434(b) allows for damages of $5,000 per year along with reasonable attorney fees.

WHEREFORE, Plaintiffs pray for a judgment against Defendants and seek a judgment for all amounts available pursuant to 26 U.S.C.A. § 7434, including statutory damages, prejudgment interest, and attorney fees and such other relief that is available under the law.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated:  August 31, 2022                                   Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiff

David Fish
John Kunze
Fish Potter Bolaños, PC
200 E 5th Ave Suite 123
Naperville, IL 60563
(312) 861-1800
(fax) (630)778-0400

Patrick Cowlin
Fish Potter Bolaños, PC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312)861-1800
(fax) (312)861-3009